**R. L. SANDERS ROOFING CO., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and F. Ray Marshall, Secretary of Labor, Respondents.**

No. 79–2958
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 26, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Stokes & Shapiro, Ira J. Smotherman, Jr., Atlanta, Ga., for petitioner.

Laura V. Fargas, U.S. Dept. of Labor, Washington, D. C., for respondents.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

On June 3, 1976, the Secretary of Labor ("the Secretary") issued a citation charging that petitioner R. L. Sanders Roofing Company ("Sanders") had committed a serious violation of the "general duty" clause of the Occupational Safety and Health Act of 1970 ("OSHA" or "the Act"), 29 U.S.C. § 654(a)(1) (1976).[1] The citation arose out of an accident in which one of Sanders' employees fell from the flat roof of a building on which he was working. There was no guardrail or protective platform around the perimeter of the roof. After Sanders timely contested the citation, the Secretary filed a complaint, alleging that Sanders had

> failed to furnish his employees working on the roof of the new vocational high school building, employment and a place of employment which was free from recognized hazards that were causing or were likely to cause death or serious physical harm to his employees, [and in failing to provide proper protection] at the open sides and ends of the roof of the

---

1. Section 654 provides in pertinent part:

   (a) Each employer—
   (1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees . . .

new vocational high school building, exposing the employees . . . to the hazards of falls of thirteen feet . . .

Sanders denied the alleged violation.

An administrative law judge ("ALJ") found that Sanders was not in violation of the general duty clause for failing to protect the edges of a flat roof with standard guardrails. In concluding that the Secretary had failed to prove that falling from a flat roof was a "recognized hazard" in the roofing industry that was "causing or likely to cause death or serious physical harm," the ALJ relied in part on *Langer Roofing & Sheet Metal, Inc. v. Secretary of Labor*, 524 F.2d 1337 (7th Cir. 1975), and on a prior statement by the Secretary to the effect that roofs with slopes of less than four inches in twelve did not present a substantial danger of falls.[2] Additionally, the ALJ found that application of the general duty clause on the facts of this case would not provide the employer with "fair warning of the conduct" prohibited or required by the Act.

The Secretary petitioned the Occupational Safety and Health Review Commission ("the Commission") for review. After briefing by the parties, the Commission reversed the decision of the ALJ. First, the Commission rejected the ALJ's reliance on the Secretary's statement about section 1926.451(u)(3), *see* n.2, *supra*, and *Langer*, *supra*, which interpreted that regulation. In the Commission's view, section 1926.-451(u)(3) addresses only the hazard presented by slanted roofs and has no application at all to flat roofs. Moreover, while conceding that the standard for determining the existence of a "recognized hazard" under the general duty clause required evidence

of "the common knowledge of safety experts who are familiar with the circumstances of the industry or activity in question," the Commission concluded that the appropriate industry to consider was not the roofing industry, to which the ALJ had looked, but the construction industry, of which the roofing industry is a part. The Commission found that the hazard of falling from a flat roof is recognized in the construction industry, relying on several construction standards, including 29 C.F.R. § 1926.500(d)(1),[3] which are addressed to falling hazards from open sides of platforms and floors. Finally, the Commission held that in determining whether the Secretary had sufficiently proven the likelihood of death or serious injury, "the proper question is not whether an accident is likely to occur but whether, if an accident does occur, the result is likely to be death or serious physical harm."

Sanders petitions this court for review of the Commission's order, challenging each of the Commission's conclusions. Because we find merit in Sanders' contentions, we refuse to enforce the Commission's order and we vacate the citation against Sanders.

We agree with Sanders' contention that section 1926.451(u)(3) effectively precludes the Secretary from charging Sanders with a violation of the general duty clause for failure to set up a guardrail around the perimeter of a flat roof. That regulation requires an employer to install a catch platform "below the working area of roofs . . . with a slope of *greater than 4 inches in 12 inches* . . . ." 29 C.F.R. § 1926.-451(u)(3) (emphasis added). By its terms this regulation exempts from the guardrail requirement roofs with slopes of less than four inches in twelve. Thus, it would seem

---

2. 37 Fed.Reg. 233 (1972). The Secretary made the statement with reference to the promulgation of 29 C.F.R. § 1926.451(u)(3), which provides:

A catch platform shall be installed below the working area of roofs more than 16 feet from the ground to eaves with a slope greater than 4 inches in 12 inches without a parapet. In width, the platform shall extend 2 feet beyond the protection of the eaves and shall be provided with a guardrail, midrail, and

toeboard. This provision shall not apply where employees engaged in work upon such roofs are protected by a safety belt attached to a lifeline.

3. This regulation provides in pertinent part that "[e]very open-sided floor or platform 6 feet or more above adjacent floor or ground level shall be guarded by a standard railing, or the equivalent . . . on all open sides . . . ."

that a flat roof, having a slope of zero inches in twelve inches, is necessarily exempted from the requirement. The Secretary, however, contends that the regulation does not exempt flat roofs but only *sloped* roofs with a slope of four inches in twelve or less. A simple example reveals the illogic of the Secretary's position. A roof with a slope of three inches in twelve is clearly within the purview of section 1926.451(u)(3) but would be exempt from its guardrail requirement. Consequently, an employer would have no duty to install a guardrail around such a roof and, according to the Secretary's interpretation, could not be charged with a violation of the general duty clause for his failure to do so. The same reasoning applies to roofs with slopes of two inches in twelve, one inch in twelve, one-half inch in twelve, ad infinitum—even a roof of infinitesimal slope would be exempt *merely because it is to some degree sloped*, but a flat roof would not.

█ Imposing liability under the general duty clause on an employer for failing to erect a guardrail around a flat roof, when he has no duty to install one around a roof with even a minimal slope, does not, in our view, comport with either reason or fundamental fairness. It makes no sense to interpret section 1926.451(u)(3) as allowing the Secretary to require protection around a flat roof, but not a minimally sloped one, under the general duty clause. A more plausible explanation was offered by the Seventh Circuit: "The fact that 1926.-451(u)(3) does not apply to flat roofs, and indeed specifically exempts even roofs having slopes of less than 4 inches in 12, indicates that perimeter protection for flat roofs was not contemplated by the writers of the regulations." *Langer*, 524 F.2d at 1339.[4]

Furthermore, an employer is entitled to fair notice that he may be charged with a statutory violation:

> Like other statutes and regulations which allow monetary penalties against those who violate them, an occupational safety and health standard must give an employer fair warning of the conduct it prohibits or requires, and it must provide a reasonably clear standard of culpability to circumscribe the discretion of the enforcing authority and its agents.

*Diamond Roofing Co. v. O.S.H.R.C.*, 528 F.2d 645, 649 (5th Cir. 1976). We are of the opinion that Sanders could not have been sufficiently apprised of his potential liability under the general duty clause for failing to erect a catch platform in light of the language of section 1926.451(u)(3).

█ We are also convinced that the Commission erred in looking to the construction industry, rather than to the roofing industry, for the appropriate industry practices to apply in this case. In *Diamond Roofing* we looked to the *roofing* industry to determine accepted industry practices in a case involving the application of section 1926.500(d), *see* n.3, *supra*, to roofs. We there concluded that

> the practice in the roofing industry is to cover or guard roof holes and openings, which present a serious and unexpected hazard to roofers, but not to guard the

---

4. In *Diamond Roofing Co. v. O.S.H.R.C.*, 528 F.2d 645, 646 n.4 (5th Cir. 1976), we noted that:

> Since none of the roofs in issue were sloped, 29 CFR § 1926.451(u)(3), which requires a catch platform around roofs with a slope greater than 4 in 12, is not applicable. Though both parties argued that the existence of this provision supports their respective positions, we do not feel that it is significantly probative in this case. *But see Langer Roofing & Sheet Metal, Inc. v. Secretary of Labor*, 7 Cir., 1975, 524 F.2d 1337 (Terms of § 1926.451 indicate that § 1926.500(d)(1) does not apply to flat roof).

We are of the opinion, however, that section 1926.451(u)(3) is probative in the instant case. In *Diamond Roofing* the regulation that we were interpreting specifically addressed the hazard presented by flat surfaces; hence, we found section 1926.451(u)(3) "inapplicable." Here, on the other hand, we are compelled to interpret the scope of the *general duty clause* in the *absence* of any regulations concerning flat roofs. We therefore look to section 1926.-451(u)(3) as the only regulation expressly requiring protection for roof edges. Thus, that regulation is probative in this context where it was not in *Diamond Roofing*.

roof perimeter, which is an obvious danger of which roofers are highly conscious.[11]

[11] Petitioners' employees are roofers, who would not mistakenly expect the roof perimeter to be guarded, not general construction workers, who would be accustomed to working on railed or walled as well as open-sided floors.

*Diamond Roofing*, 528 F.2d at 650 & n.11. Because falling from a flat roof edge does not constitute a hazard that is generally recognized in the roofing industry, we do not see how Sanders can be held to have violated a "general duty" to install a guardrail around a flat roof.

If the Secretary is concerned about employees' falling from the edge of a flat roof, he should promulgate a regulation that specifically addresses that hazard rather than seek to impose liability on employers under the general duty clause for failure to protect against it. We have previously expressed our preference for the Secretary's formulating standards through administrative rulemaking rather than ad hoc adjudication. *See B & B Insulation, Inc. v. O.S.H. R.C.*, 583 F.2d 1364, 1371 and n.14 (5th Cir. 1978). As we noted in *B & B Insulation*: "Where the Government seeks to encourage a higher standard of safety performance from the industry than customary industry practices exhibit, the proper recourse is to the standard-making machinery provided in the Act, selective enforcement of general standards being inappropriate to achieve such a purpose." *Id.* at 1371. In the absence of a specific regulation, we decline to impose liability on Sanders.

ENFORCEMENT DENIED.